UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO.: 4:12CR472 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| DELMAR JORDAN, ) | **ORDER AND DECISION** |
| ) | (referencing Doc. 45) |
| Defendant. ) | |
| ) | |

Pending before this Court is a motion filed by Defendant, Delmar Jordan, pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat 2372 (2010) ("FSA") and Amendment 782 to the United States Sentencing Guidelines ("Amendment 782") (eff. Nov. 1, 2014).  Amendment 782 made retroactive changes to the Sentencing Guideline's drug quantity base offense levels by a reduction of two levels.  *See* U.S. Sentencing Guidelines Manual, App. C.  The Government does not oppose the motion; however, for the reasons stated herein, the motion is DENIED.

I. **FACTS AND PROCEDURAL HISTORY**

According to the Presentence Investigation Report, on March 10, 2012, police officers in Warren, Ohio, conducted a traffic stop of a car in which the Defendant was driving.  After stopping the vehicle, the Defendant fled on foot.  Officers chased him and eventually

1

apprehended the Defendant. However, he failed to comply with the officers, and they were forced to deploy their tasers.

While the officers were handcuffing the Defendant, they observed a .357 caliber revolver, loaded with six rounds of ammunition, lying at the Defendant's feet. The Defendant acknowledged the weapon and admitted that he was using it for protection.

Subsequently, on April 10, 2012, the Defendant sold approximately 13.8 grams of powder cocaine to a confidential informant working for the Drug Enforcement Agency (DEA). On May 1, 2012, the Defendant again sold narcotics to a confidential DEA informant. This time, the Defendant sold 27.4 grams of cocaine base (crack).

On January 11, 2013, the Defendant plead guilty to one count of being a felon in possession of a firearm, one count of distribution of cocaine, and one count of possession of cocaine base with intent to distribute pursuant to 21 U.S. §§841(a)(1) and (b)(1)(A). This Court later sentenced him to a term of 77 months of incarceration, to be followed by a term of three years of supervised release. This sentence was within the guideline range of 77 to 96 months of incarceration, at a total offense level of 22 and a Criminal History Category designation of V.

The Defendant now moves this Court for an additional two-level decrease as a result of the 2014 amended sentencing guidelines.

### II.   LAW AND ANALYSIS

#### A.  Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States,* 130 S.Ct. 2683, 560 U.S. 817, 819 (2010) (*citing* 18 U.S.C.

§3582(c)). However, "Congress has provided an exception to that rule 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Id.* In those circumstances, the statute authorizes a court to reduce the term of imprisonment "…if such a reduction is consistent with…" applicable Commission policy statements. U.S. Sentencing Commission, Guidelines Manual §1B1.10(b)(2) (Nov. 2009) (USSG)). "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under §3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guidelines application decisions unaffected.'" *Id.* (*quoting* §1B1.10(b)(1)).

Looking at §3582(c)(2), "a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Id.* Thus, the statute establishes a two-step inquiry that must be followed: 1) a court must determine that a reduction is consistent with §1B1.10; and 2) the court must then consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in §3553(a). *Id.* at 826.

At step one, the statute requires the court to follow the Commissions' instructions in §1B1.10 to determine the prisoner's eligibility for sentence modification and the extent of the reduction authorized. *Id.* at 827. Specifically, the court must begin by "…determin[ing] the amended guideline range that would have been applicable to the defendant…" had the relevant amendment been in effect at the time of the initial sentencing. *Id.* (*quoting* 18 U.S.C. §3582(c)(2)). Courts generally may not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range produced by the substitution. § 1B1.10(b)(2)(A). If the sentencing court originally imposed a term of imprisonment below the

3

Guidelines range, only then is the court authorized to impose a term "comparably" below the amended range. *Dillon*, 560 U.S. at 827.

At the second step of the inquiry, the court must then consider any applicable factors set forth in §3553(a) and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* Section 3553(a) provides that a "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and it enumerates several factors a court "shall consider" in determining an appropriate sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1); *see also Dillon*, 560 U.S. at FN2.

### B. The Defendant's Motion for Sentence Reduction

Under the first step of the analysis, the Defendant would otherwise be eligible for a sentence reduction under §1B1.10. Under the 2014 amendment to the Sentencing Guidelines, The Defendant would be eligible for a reduced sentencing guideline range of 63 to 78 months, as reflected by a total offense level 20 and a Criminal History Category designation of V. However, after reviewing the Defendant's extensive criminal history and considering the statutory factors set forth in 18 U.S.C. §3553(a), further reduction is inappropriate at this time.

The Defendant's criminal history is significant. At the age of 13 years old and continuing into adulthood, he was convicted on an array of theft, drug, and violence charges, including theft, aggravated riot and resisting arrest, criminal trespass, carrying a concealed weapon, resisting arrest, drug abuse, and operating a vehicle while intoxicated. Through the years, his sentences progressed from a suspended term of detention to house arrest and finally incarceration in a

4

juvenile detention center.   No sentence, including incarceration, seemed to deter the Defendant's criminal conduct as he launched into adulthood.

After turning 18 years old, the Defendant was then convicted of criminal activity every single year through the age of 27.  His convictions range from reckless operation, disorderly conduct and failure to comply with an order of police to carrying a concealed weapon, possession of cocaine and marijuana, and felonious assault with a firearm.

Despite serving a few years of incarceration since the age of 13, the Defendant still demonstrates a pattern of returning to the same conduct involving drugs, weapons, and refusal to comply with law enforcement or conform his conduct to the rule of law.   Even now, this pattern of behavior is the very reason the Defendant was presented to this Court.

The Court remains troubled by this extensive, repetitive criminal history and the Defendant's propensity to engage in violent or drug-related criminal conduct.   As such, considering the nature and circumstances of the offense and the Defendant's history and characteristics, continued incarceration is necessary to protect the public and afford adequate deterrence to further criminal conduct.   18 U.S.C. §3553(a).   The Court's current sentence of 77 months appropriately reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense in light of Amendment 782.   *Id.* The Court also notes that the current sentence remains within the reduced sentencing guideline range of Amendment 782.

### III. CONCLUSION

Given this, after consideration of the statutory factors set forth in 18 U.S.C. §3553(a), a further sentencing reduction is inappropriate at this time. The Defendant's motion is hereby DENIED.

IT IS SO ORDERED.

| | |
|---|---|
|     July 29, 2015 |     */s/ John R. Adams* |
| Date | Judge John R. Adams |
| | United States District Court |